UNITED STATES v. HEINZE.

(Circuit Court. S. D. New York.  September 10, 1909.)

1. BANKS AND BANKING (§ 257*)—NATIONAL BANKS—WILLFUL MISAPPLICA-
TION OF FUNDS—INDICTMENT.

An indictment against an officer of a national bank under Rev. St. §
5209 (U. S. Comp. St. 1901, p. 3497), for willful misapplication of funds
of the bank, must allege facts showing a conversion of such funds; and
an indictment which charges that defendant, as president, with intent
to defraud the bank, and for the benefit of himself and others unnamed,
caused the bank to discount single name commercial paper, and that the
bank lost the amount paid on the discount, does not charge an offense.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 973;
Dec. Dig. § 257.*]

2. BANKS AND BANKING (§ 257*)—NATIONAL BANKS—WILLFUL MISAPPLICA-
TION OF FUNDS—INDICTMENT.

An indictment, under Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497),
which charges defendant, as president of a national bank, with willful
misapplication of its funds, with intent to defraud the bank, and for
the benefit of himself and others, by causing the bank to discount a note
signed only by a person known to him to be insolvent, and that the bank
lost the amount paid on such discount, sufficiently charges a fraudulent
conversion, and is good.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 973;
Dec. Dig. § 257.*]

Indictment against F. A. Heinze.  On demurrer to indictment.
Sustained as to certain counts, and overruled as to others.

See, also, 177 Fed. 770.

Henry A. Wise, U. S. Atty.

Wm. J. Wallace, John B. Stanchfield, and John C. Tomlinson, for
defendant.

HOUGH, District Judge.  With respect to indictments for mis-
application, under Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), I
have expressed fully my views in the Morse Case, 161 Fed. 429, on
the first indictment against this defendant (161 Fed. 425).  The pres-
ent discussion has not rendered it necessary (so far as I can see) to
say much more.

This indictment seems to me to charge, in counts 1–15, this, and no
more, viz.:  That with intent to defraud the bank of which he was
president, and for the benefit of himself and others unnamed, defend-
ant caused the bank to discount single name commercial paper, and
the bank lost the amount paid on the discount.  The sixteenth count
varies from the others only in stating that the person responsible on
the discounted note was insolvent, to the knowledge of defendant at
the time of discount.

The crime of which defendant is guilty, if guilty at all, is "willful
misapplication."  The one characteristic or essential of this crime on
which the Supreme Court has always insisted is "conversion."  No
method of being guilty, without "converting" the money, funds, or
credits of the bank has been pointed out.  This word "conversion" has

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supplied the legal measure, which the court has not been able to find in "willful misapplication." If the facts stated in an indictment do not set forth a case of conversion, the indictment is bad, and a general allegation of wrongful intent will not cure it. Taking the first count, for example; could the bank have maintained an action for conversion against the recipient of the discount proceeds under the facts stated? I think not, and am therefore of opinion that counts 1–15 are demurrable.

The sixteenth count is also asserted to be bad, under the Britton decision in 108 U. S. 193, 2 Sup. Ct. 525, 27 L. Ed. 703; but this was explained in the Fish Case, 24 Fed. 585, in the manner I have tried to summarize on page 433 of 161 Fed. Does this count sufficiently charge that the discount was originally procured by fraudulent means? And does or can it amount to a conversion for a bank president, for his own benefit, to discount the note of a known insolvent? It appears to me that both questions should be answered affirmatively, and the demurrer to the sixteenth count overruled.

It is much to be hoped that this decision will be reviewed. Anything more unsatisfactory than the ruling cases on "willful misapplication" I have rarely met.